O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7314 AHM (SSx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | JOHN F. KILGROE v. APL MARINE SERVICES, LTD., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Plaintiff has (again) failed to file a motion for default judgment that includes the required information and documentation, despite the Court's emphatic directions. The Court therefore DENIES Plaintiff's motion and dismisses the action with prejudice.[1]

On October 11, 2005, Plaintiff John Kilgroe ("Plaintiff") filed a complaint against APL Marine Services, Ltd. ("APL"), American Ship Management LLC ("ASM"), Patriot Contract Services LLC ("PCS"), Sailors Union of the Pacific, and Marine Firemen's Union for breach of labor contract, violation of the Americans with Disabilities Act, age discrimination, and tortious discharge in violation of public policy.

On December 16, 2005, Plaintiff obtained **a** Clerk's default against Defendants APL, Sailors Union of the Pacific, and Marine Firemen's Union. On December 20, 2005, the Court denied Plaintiff's request for default judgment as untimely.[2] On March 6, 2006, the Court granted Defendant APL's motion to set aside entry of default judgment under Federal Rule of Civil Procedure 55(c).

---

[1] Docket Nos. 219, 222.

[2] In its October 19, 2006 minutes, the Court notes that "[t]he docket reflects that on December 16, 2005, plaintiff obtained a clerk's default against them, pursuant to Federal Rules of Civil Procedure 55(a). Almost immediately thereafter he requested a default judgment, which was denied as untimely on December 20, 2005. . . Nevertheless, having obtained a clerk's default, Plaintiff may still be entitled to an entry of a default judgment if he complies with Rule 55, Federal Rule of Civil Procedure, and the corresponding Local Rule." Minutes, Dkt. 172.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7314 AHM (SSx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | JOHN F. KILGROE v. APL MARINE SERVICES, LTD., et al. | | |

On May 15, 2006, the Court dismissed with prejudice Plaintiff's claims for fraudulent misrepresentation, defamation, malicious prosecution, and abuse of process. On September 11, 2006, the Court granted summary judgment for APL on the breach of labor contract claim. On October 19, 2006, the Court granted summary judgment for Defendants ASM and PCS for Plaintiff's age discrimination (federal and state) and tortious discharge claim. The Court also dismissed all remaining claims against ASM and PCS. On November 1, 2006, the Court entered a separate final judgment with respect to the matters disposed of in the Court's orders on September 11, 2006 and October 19, 2006 granting summary judgment to Defendants APL, ASM, and PCS. On Plaintiff's appeal, in an order dated July 22, 2008, the Ninth Circuit upheld the Court's judgment for those defendants (APL, ASM and PCS).

While Plaintiff's appeal was still pending, on June 6, 2008, the Court ordered Plaintiff to show cause why the Court should not dismiss all remaining defendants (*i.e.*, Sailors Union of the Pacific and Marine Fireman's Union) for want of prosecution. On June 13, 2008, Plaintiff filed a timely response under the caption "Request to Enter Default Judgment Fed. R. Civ. P. 55(b)(2) Answer to the Court's Order to Show Cause with Accompanying Default Judgment." Plaintiff requested the Court to enter default judgment against not only Defendants Sailors Union of the Pacific and Marine Fireman's Union, but also APL, AMS, and PCS, for $1,500,000.

On June 17, 2008, the Court issued a "Further Order to Show Cause re Dismissal for Lack on Prosecution." The Court noted that the Plaintiff's June 13, 2008 request for default judgment was "patently defective." The Court ordered: "Unless plaintiff properly complies with the requirements for seeking and obtaining a default judgment and unless he limits his efforts to Sailors Union of the Pacific and Marine Fireman's Union, and unless he does so by June 30, 2008, this case will be dismissed." *Id.*

Thereafter, Plaintiff twice filed defective requests to enter default judgment. On June 30, 2008, the Court rejected the first of these requests for failure to include a hearing date with the motion. On July 2, 2008, Plaintiff filed this motion seeking a default judgment against Sailors Union and Marine Firemen's Union. However, Plaintiff failed to specify an amount due. No affidavit of the amount accompanied Plaintiff's motion and no bill of costs was filed. In addition, Plaintiff failed to file a declaration, as required by Local Rule 55-1 and Federal Rule of Civil Procedure 55(b).

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7314 AHM (SSx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | JOHN F. KILGROE v. APL MARINE SERVICES, LTD., et al. | | |

    Because of these repeated deficiencies, the Court DENIES Plaintiff's request and dismisses the action with prejudice.

    No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

                                                                                                                                                               :

Initials of Preparer         SMO

cc: **Make JS-6**